PABLO RUBERTÉ, Plaintiff and Appellant, *v.* THE AMERICAN RAILROAD CO. OF PUERTO RICO, Defendant and Appellee.

No. 6845.   Argued December 20, 1937.—Decided January 12, 1938.

*Fernando B. Fornaris, R. Hernández Matos* and *E. Huertas Zayas* for appellant. *Mariano Acosta Velarde* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

ON MOTION FOR RECONSIDERATION

This was a case where we awarded damages to a father for the loss of his son who supported him. The duty to support springs from Sections 142 and 143 of the Civil Code (1930 ed.) as follows:

"Section 142.   Support is understood to be all that is indispensable for maintenance, housing, clothing and medical attention, according to the social position of the family.

"Support also includes the education and instruction of the person supported when he is a minor.

"Section 143.   The following are obliged to support each other, within the full meaning of the preceding section:

"1. Husband and wife.

"2. Legitimate ascendants and descendants.

" .

The appellee maintains that an action for damages for the death of a person due to the negligence of the other lies solely and exclusively in his heirs and that as Justo Ruberté left legitimate children, his father, Pabló Ruberté, was not such an heir. That Pablo Ruberté was not an heir springs from Section 736 of the Civil Code which expressly excludes ascendants of the deceased when there are legitimate descendants. The principal contention of appellee is based on Section 61 of the Code of Civil Procedure as follows:

"When the death of a person, not being a minor, is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death, or if such person be employed by another person who is responsible for his conduct, then also against such other person. In every action under this and the preceding section such damages may be given as under all the circumstances of the case may be just."

In the case of *González* v. *San Juan Light & Transit Co.*, 17 P.R.R. 115, this Court held that Section 1803 of the Civil Code was a primary source of an action in damages. In *Arreche et al.* v. *The P. R. Railway Light & Power Co.*, 31 P.R.R. 424, this Court again held that Section 1803 of the Civil Code is a primary source from which a complainant may hold a defendant responsible for the death of another. In the case of *Orta* v. *P.R. Railway Light & Power Co.*, 36 P.R.R. 668, this Court, in discussing Section 61 of the Code of Civil Procedure, stated as follows:

"It is evident, then, that in Puerto Rico the right of action did not and does not depend exclusively upon Sections 60 and 61 of the Code of Civil Procedure. The cause of action was not created for the first time by these sections. Given the previous state of the law in Puerto Rico, let us examine these sections to see what they really do. It will immediately be noticed that these two sections are placed under the title in the Code of Civil Procedure which relates to the parties to actions. They determine the persons who may establish an action for *wrongful death*. They may perhaps give causes of action to persons who previously did not have them and prevent others

from exercising similar actions. We find nothing in these sections to show that the Legislature thought that it was creating an action for the first time. On the contrary, the Legislature must have known of the existence of Section 1803 of the Civil Code, and did not seek to repeal or impair it.

"  .      .      .      .      .      .      .      .      .

" . . . There is nothing in section 60 or 61 which shows any intention to depart from the rights of action previously existing or shows an intention on the part of our Legislature to adopt the statute with the construction put upon it in some other State."

The fact was that Justo Ruberté not only had a duty to support his father but actually contributed to the support. The negligence of the defendant being established, it follows that a cause of action arose in Pablo Ruberté by reason of the death of his son. Section 1802 of the Civil Code (1930 ed.) provides as follows:

"A person who by an act or omission causes damage to another when there is fault or negligence shall be obliged to repair the damage so done."

Therefore, it makes no difference whether Pablo Ruberté was or was not an heir.

The motion for reconsideration will be denied.

Mr. Justice Hutchison and Mr. Justice Córdova Dávila took no part in the decision of this case.